Good morning, my name is Catherine Hart and I am representing the petitioner Gary Goldsmith. Counsel, there are two cases on the calendar for argument this morning, Goldsmith and Chafer, which have a commonality of issues and arguably the court should not reach a decision in one inconsistent with whatever it does in the other. Are you prepared to address the records in both Goldsmith and Chafer to consider the possibility that their situations might be different? No, I'm not prepared to do that. That sounds like an exam compare contrast. I'm not familiar with the facts of that particular case, so I don't know how similar it is. I know that these cases are very, very fact specific. It's sometimes hard to find a consistency to all of these cases. So if there's another question, I'll be happy to respond. But the answer is no, I'm not prepared to compare that. Well, in any event, in this case, I gather you concede that the petitioner delayed over 90 days in filing the petition in state court, is that correct? That is correct. And I'm arguing that this case is subject to equitable tolling, even though it exceeds the 90 days and that the district court erred in two respects. So you would then concede that your client's case rises or falls on equitable tolling and that he does not have a statutory tolling argument? He has an argument only of equitable tolling under the AEDPA. And the equitable tolling under the AEDPA can arise if there is misconduct or if there is attorney neglect or if there's some very sound reason for the delay. But you would concede on this record, at least for purposes of argument, that he has no argument under Evans and Saffold for a statutory tolling? That's correct. That's correct. So my argument on equitable tolling is that it's two-pronged and that the district court erred in not addressing those. Okay. The first prong of the equitable tolling is that my client was blunted, stymied, and simply rebutted in his attempts to prepare a petition for the California Supreme Court. Now, I know you know the facts of the case that he filed a petition for writ of habeas corpus with the original rendering court, Stanislaus County Superior Court, that that court denied him a right to counsel, even though California law says that in a habeas petition, if an order to show cause issues, that the California courts must appoint counsel. Under California Rule 4.551C2, the California courts renumbered all the rules of court in the beginning of 2002. Now, my client's petition is denied by Stanislaus County Superior Court. He requests appointment of counsel, which is his statutory right under California law. It's not a federal constitutional right, but it's a well-enshrined California statutory right, and it also comes from an original case law that says that even though the federal government doesn't provide constitutional right to post-conviction counsel, in California cases, we will provide in an appropriate case counsel. At any rate, my client then was denied his statutory right to counsel under California law, and he wrote twice to the Stanislaus County Superior Court requesting that counsel be appointed. The petition for writ was denied on December 5th of 2003. My client then on December 13th, 2003, and that's on page 204 of the excerpt of record, he is trying to find out from the prison library about certain cases that have something to do with the AEDPA. He asked the prison officials to bring him the case of Lockyer v. Andrade, which has to do with California Three Strikes, but it is relevant to federal due process. The law librarian, or whoever it was that responded to that, says, inmate, please stop asking! We don't have any cases beyond the year 2000. So my client, as he alleged in his objections to the magistrate's decision, my client was, you know, he had friends, he had family, they went to the Internet. He tried to find out about what the effect of his California statutory right was on the AEDPA. And then in March of 2004, shortly before he filed the petition with the California Supreme Court, which was actually filed April 19th of 2004, but in March of 2004, he then sends a request to the prison law library for a case of Bockley, B-A-Q-L-E-H. It has to do with the incompetency to stand trial, which was one of the issues raised in his habeas. He gets back another thwarting notice from the librarian or the person that administered the jail library, saying, we don't have cases beyond 27 Cal at 4th, which I checked, 27 Cal at 4th a couple of days ago, and that was 2002. So he's been told, in effect, in March of 2004, we don't have cases beyond 27 Cal at 4th, which is the year 2002. Do you have any cases which would hold that that series of events would constitute reasonableness for delay? Well, I think if you look at a previous case of yours, Whalum Hunt v. Early, 233 F. 3rd, 1146. That's cited in my original opening brief. This was a remand where there were no AEDPA, no ADEPA materials in the prison law library. And in that case, the petitioner filed a petition almost a year late. Now, I know that we've pretty much settled the one-year statute of limitations under the ADEPA, but that Whalum Hunt v. Early does have to do with prison officials not providing adequate library materials. Was that argument raised in district court? The argument was raised in the district court, Your Honor. The district court didn't address this. This is not in the district court's decision. Now, I don't know if one of the problems is that my client raised it inferentially in his opposition to the motion to dismiss. He raised it. Then after he received the decision of Magistrate Wunderlich in his opposition to the decision, he then fleshes it out further and specifically defines and articulates the failure of the prison to provide these particular cases. Now, when Judge O'Neill adopted the magistrate's decision, there was no changing of that decision. There was no addressing it. So the simple answer to that is no, the district court did not address the failure of the prison to provide an adequate law library. And in one of the responses my client received in March from the prison law library that says, we are out of compliance. Now, yes. Counsel, following up on John Shulman's question, do you have any authority for the proposition that inadequacies of a law library trigger equitable tolling? Well, the only case that I had that was right on point with that was the Whalum Hunt v. Early case. And they articulated that that was an equitable tolling issue? Yes. Yes, it was, because the person's, the prisoner's petition was filed a year late because he said he did not know about the statute of limitations of the AEDPA. In this case, my client did know about the statute of limitations of the AEDPA, but he is saying that he is stymied in his efforts to file with the California Supreme Court because he needed time to do it. He needed time to research the effect of the denial of counsel. Now, the second ground that I believe for the equitable tolling is the denial of counsel. Now, I know that it's not a Federal constitutional right that you have post-conviction counsel. However, because it was a California statutory right. Have you found any authority for the proposition that in Federal court, a Federal court would recognize a trigger for equitable tolling based upon denial of counsel at the habeas level? Well, I believe that there are two cases, and one would be Calderon v. United States, the Beeler case. And it has to do with an attorney moved and left an unusable work product. New counsel was then appointed, and there was a delay of approximately nine months in filing a petition, because although there was an awareness of the one-year statute of limitations, the particular petitioner there was without counsel. So since there's no right to post-conviction counsel, and yet there's at least two cases I found, the Beeler case, and then Spitzen v. Moore, where an attorney never filed a promised petition. So let's look at it this way. If courts, if your circuit has found equitable tolling where habeas counsel didn't file on time, then my argument is even though there's not a Federal constitutional right to post-conviction counsel, if you've previously found that an attorney failure may be good cause for late filing, then why isn't the court's failure to appoint counsel in a, where it's recognized as a state statutory right? Thank you, counsel. Your time has expired. May it please the Court, my name is Tammy Warwick, and I represent the Respondent Appellee, Warden Scribner. Before I address equitable tolling, which is the central issue here, I just want to make clear for the record that the District Court found that it was a 109-day delay, and that whether it's a 109-day delay or a 93-day delay, as Petitioner is claiming, that either one is unreasonable under, for statutory tolling. Have the California courts responded at all to the suggestion by the Supreme Court of the United States that they ought to tell us what the reasonable period ought to be? Not to my knowledge. But you're arguing that, what, over 60 days is too long? That's correct. Now, where do you get the 60-day from, just from the Saffold case? Based on the court's, the Supreme Court's decision in Evans v. Chavez. Oh, Chavez, sorry, I meant Chavez. Well, in that case, didn't Justice Breyer simply say that survey of law nationally indicated that those jurisdictions that had determined time limits generally fixed those time limits at less than 60 days? Isn't it a fair interpretation of Justice Breyer's opinion in both Saffold and Chavez that what he's saying is that a federal court attempting to determine how long a case is pending in a California court has to make basically an eerie educated guess, has to ask what the Supreme Court of California would say about time limits in that case, if it could be compelled or somehow an answer could be elicited. And wouldn't we, simply following by analogy the way federal courts determine California law in diversity cases, simply look at the totality of California information to determine what California considers reasonable? Well, Your Honor, in the Evans v. Chavez case, the court looked at the outer limits of 30 to 60 days because of the fact that California's system is different than other states in that it is not like petitioning for review, which in California is 10 days. You have 10 days to petition for review, but because each court, each state court has original jurisdiction over the habeas. So it's more like a direct review process, which would give at most 60 days. And so we're looking at intervals and we're looking at intervals. Is there a rule that specifically says you're allowed 60 days from the time one level of court denies your relief to file an original petition in the next court? No, there isn't. Isn't it a fair reading of both Justice Stevens' opinion and Justice Breyer's opinion that the six-month figure was by analogy to the determinant period that is established for capital cases? And isn't the court inferentially saying we can't see a good reason why you would allow more time to non-capital than capital so that we're going to put an outside limit of six months? But we're not going to establish any internal limit. But the court did say the outer limit of 60 days. They used the 30 to 60 days time frame because they analogized to the other states to determine what California's outer limits would be and analogized that California's system is like a direct review process. And in California on direct review, you don't have more than 60 days to file. You don't have, you have, I believe, 30 to 60 days, 60 days, I believe, to file an appeal, but you have 10 days to file a petition for review. So analogizing the system, it wouldn't be any longer. And you have to keep in mind, too, the fact that we're talking about, we're trying to fit California's system into an appeal process because you're ascending. The whole purpose for interval tolling is to allow petitioners to go from one court to the next. They are required to exhaust in California. What if the California Supreme Court came out yesterday and said we think that in a noncapital case, six months is reasonable? Wouldn't that be absolutely controlling on us? I don't think it would be controlling necessarily because of the fact it's a capital case. Didn't pace, what if they say in a noncapital case? But in Chavez, the Court did invite California's Supreme Court to tell them any differently. California hasn't done so. So at this point, we have the precedent of Chavez setting the outer limits at 30 to 60 days. That's for statutory tolling. She's only arguing equitable tolling. Why doesn't Mr. Goldsmith have a legitimate gripe that he's trying to get his petition prepared and you can't get any law books? Equitable tolling is extraordinary relief. He's asking this Court to set aside the rules and give him equitable tolling and give him a remedy in equity.  And when you look at, in order to get equitable tolling, he has to pursue his rights diligently. He hasn't shown that he has pursued his rights diligently. Actually, the facts show otherwise. While most of his claims on habeas deal with the direct proceedings and the trial court proceedings, those claims, he not only chose not to pursue during direct appeal, but he waited another 320 days after direct review was final to file his first state habeas petition. It's well within his right. But now he's asking this Court to say, I waited until the end, and I'm running out of time, and I pursued my rights diligently. Well, he filed his first one on time, and he lost. So now he wants to file a better one so he doesn't lose again, and he needs some books. And they tell him we can't get to the books. I don't know why that isn't a good excuse. Whether or not the prison law library was adequate, Mr. Goldsmith did not need any research to file that second petition. He added a new claim, and the new claim had to do with... It says it's optional. Also, Mr. Goldsmith was pursuing this right to counsel in the superior court. He claims he had to just reformat his petition, and as the district court found, it shouldn't have taken him over 60 days to reformat a position to add his denial of counsel. Counsel, what do we do with our case of Whalum Hunt, which was cited by your opponent? Factually, that case is distinguishable because of the fact that that petitioner didn't know about the statute of limitations because wasn't able to get to do the research on it. In this situation, Mr. Goldsmith did know about the statute of limitations, and he's claiming that he had to research this claim, and he didn't have to do that. The rule of court he was relying on, he had already cited to the superior court, and all he had to do was cite it to the superior court. He didn't write the factual allegations, which is exactly what he did in his California Supreme Court petition. He had to because he couldn't get the books. But that's all he's required to do, and the extraordinary circumstance has to prevent him from filing a timely petition. It certainly didn't in this case. And also, the cases that he said he couldn't get don't in any way help him with this particular claim. One was requested before his first petition. It didn't prevent him from filing his first petition. And then the other one, he requested approximately two months after he received the denial of his first petition. Again, not diligently pursuing his rights. And unless this Court has any further questions, Respondent will submit. No further questions. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument next in Chaffer v. Prosper.
judges: O'scannlain, Silverman, Singleton